**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **3:14-CR-2** |
| | ) | **JUDGES JORDAN/SHIRLEY** |
| **JOHN A. AYERS,** | ) | |
| **Also known as Blondie** | ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

On January 14, 2014, an Indictment was filed in the above-referenced case charging

defendant, JOHN A. AYERS, a/k/a Blondie, with conspiracy to distribute 50 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 846, and 841(b)(1)(A) (Count One).

In the Forfeiture Allegations of the Indictment, the United States sought forfeiture

pursuant to 21 U.S.C. § 853 of the defendant's interest in any and all property used, and intended

to be used, to commit, and to facilitate the commission of a violation of 21 U.S.C. §§ 841 and/or

846, and any and all property constituting and derived from any proceeds obtained, directly and

indirectly, as a result of a violation of 21 U.S.C. §§ 841 and/or 846, including, but not limited to

the following property:

A. Money Judgment

> A Money Judgment in the amount of at least $1,250,000.00, in U.S. currency,
> which represents the proceeds of the sale of methamphetamine against the
> defendants, JOHN A. AYERS, also known as Blondie, GARY S. VALENTINE,
> VICTOR M. LYNN, PAULA W. TEAGUE, and DONNA S. ROBERTS, who
> shall be jointly and severally liable for the money judgment.[1]

---

[1] In the Plea Agreement signed by John A. Ayers, a/k/a Blondie, defendant agreed to a money judgment in the amount of $1,000,000.00 representing the proceeds of methamphetamine sales, which the defendant distributed during the course of the conspiracy.

B. U. S. Currency

$14,732.00 U.S. Currency seized from Gary S. Valentine on October 22, 2013 at 1919 Kimberlin Heights Road, Knoxville, Tennessee.

C. Personal Property:

a.   A 1990 Peterbilt Tractor Truck, Aluminum/Silver in color, with a Tennessee registration number J112955, and Vehicle Identification Number 1XP5DB9X1LN295735; and

b.   A 1989 Barrett livestock trailer, gray in color, with a Tennessee registration number, T979466, and Vehicle Identification Number 1B9L50208K1014180. [2]

D. Real Property:

Real Property known and numbered as **479 Poor Valley Rd, Rutledge, Tennessee, 37861**, with all appurtenances, improvements, and attachments thereon, is more fully described as:

Situated in the First Civil District of Grainger County, Tennessee, and being Map 40, Parcel 6.00, to wit:

SECOND TRACT

BEING the land conveyed by Deed dated August 5, 1909 by Sarah Furgerson, et al, to Wm. Rose and wife situated in Poor Valley near Avondale Springs, and adjoining the lands of Jacob Furgerson and others:

BEGINNING on Allen Furgerson's corner in Lake's line, and running thence South 23.00 E 98 poles to the top of Poor Valley Knob at Will Rose's "Old Line"; thence a Northerly direction with said Rose's line to the Creek; thence with said creek to John Furgerson's Rock corner; thence an Eastwardly direction with W.H. Furgerson's and Allen Furgerson's line to the point of BEGINNING, containing Ten (10) acres, more or less.

This description was taken directly from the prior deed.

BEING the same property conveyed to Wilburn Collins, Jr. and wife, Patricia Collins, as tenants by the entirety from Billy R. Caldwell by

---

[2] Following the indictment of the Barrett livestock trailer, it was discovered defendant, Joseph Jackson had replaced the Barrett livestock trailer with a 2000 Merritt livestock trailer. The 2000 Merritt livestock trailer was seized on January 24, 2014, pursuant to a seizure warrant.

2

Warranty Deed dated July 6, 2007 of record in Instrument Book 288, page 402 in the Register's Office for Grainger County, Tennessee.

SUBJECT TO the water rights conveyed in the Water Right Deed of record at Instrument Book 162, page 1010 in the Register's Office for Grainger County, Tennessee.

EXCEPTION:

There is hereby EXCEPTED from the above-described property and not being conveyed hereby in any part of the following described property which is included in the above described boundary, which excepted tract of property has previously been conveyed to another owner, to wit:

SITUATED in the First Civil District of Grainger County, Tennessee.

BEGINNING at an iron pin located on the South side of Poor Valley Road and corner of the property of parties of the first part and Coffey; thence running Southwardly with property line of Coffey 75 feet to an iron pin; thence running with the property line of parties of the first part Westwardly 150 feet to an iron pin; thence continuing with property line of parties of the first part Northwardly 75 feet to an iron pin in Poor Valley Road; thence running with Poor Valley Road Eastwardly 150 feet to an iron pin, the point of BEGINNING. This description was taken directly from the prior deed.

Said Excepted Tract BEING the same property conveyed to Bennie Atkins and wife, Dixie Atkins by Warranty Deed rom Archie Atkins, widower, dated August 14, 1987, and record at Instrument Book 162, page 163 in the Register's Office for Grainger County, Tennessee.

Being that property conveyed unto JOHN AYERS, by Warranty Deed of Wilburn Collins, Jr. and wife, Patricia Collins, dated June 28, 2012, and recorded in Instrument Book 330, at Page 912, in the Register's Office for Grainger County, Tennessee.

On February 18, 2014, a Plea Agreement was filed in the above-referenced case in which

the defendant agreed to plead guilty to Count One of the Indictment and agreed to forfeit his

interest in the property described above.

On February 27, 2014, this Court accepted the guilty plea of the defendant, JOHN A.

AYERS, and by virtue of the guilty plea and conviction, the Court determined that the property

3

described above is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the property and the offenses. Further the United States is now entitled to seize the property, pursuant to 21 U.S.C. § 853(g), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of the defendant, JOHN A. AYERS a/k/a Blondie, for offenses in violation of 21 U.S.C. §§ 846, and 841(b)(1)(A), the United States is hereby authorized to seize the following property, and the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

A. Money Judgment

A Money Judgment in the amount of at least $1,000,000.00, in U.S. currency, which represents the proceeds of the sale of methamphetamine against the defendant, JOHN A. AYERS, also known as Blondie, who shall be jointly and severally liable with the co-defendants for the money judgment.

B. U. S. Currency

$14,732.00 U.S. Currency seized from Gary S. Valentine on October 22, 2013 at 1919 Kimberlin Heights Road, Knoxville, Tennessee.

C. Personal Property:

a. A 1990 Peterbilt Tractor Truck, Aluminum/Silver in color, with a Tennessee registration number J112955, and Vehicle Identification Number 1XP5DB9X1LN295735; and

b. A 2000 Merritt livestock trailer, Model 1MT, with a Tennessee registration number, U197998, and Vehicle Identification Number 1MT2N5023YH012589.

4

D. Real Property:

Real Property known and numbered as **479 Poor Valley Rd, Rutledge, Tennessee, 37861**, with all appurtenances, improvements, and attachments thereon, is more fully described as:

Situated in the First Civil District of Grainger County, Tennessee, and being Map 40, Parcel 6.00, to wit:

### SECOND TRACT

BEING the land conveyed by Deed dated August 5, 1909 by Sarah Furgerson, et al, to Wm. Rose and wife situated in Poor Valley near Avondale Springs, and adjoining the lands of Jacob Furgerson and others:

BEGINNING on Allen Furgerson's corner in Lake's line, and running thence South 23.00 E 98 poles to the top of Poor Valley Knob at Will Rose's "Old Line"; thence a Northerly direction with said Rose's line to the Creek; thence with said creek to John Furgerson's Rock corner; thence an Eastwardly direction with W.H. Furgerson's and Allen Furgerson's line to the point of BEGINNING, containing Ten (10) acres, more or less.

This description was taken directly from the prior deed.

BEING the same property conveyed to Wilburn Collins, Jr. and wife, Patricia Collins, as tenants by the entirety from Billy R. Caldwell by Warranty Deed dated July 6, 2007 of record in Instrument Book 288, page 402 in the Register's Office for Grainger County, Tennessee.

SUBJECT TO the water rights conveyed in the Water Right Deed of record at Instrument Book 162, page 1010 in the Register's Office for Grainger County, Tennessee.

### EXCEPTION:

There is hereby EXCEPTED from the above-described property and not being conveyed hereby in any part of the following described property which is included in the above described boundary, which excepted tract of property has previously been conveyed to another owner, to wit:

SITUATED in the First Civil District of Grainger County, Tennessee.

BEGINNING at an iron pin located on the South side of Poor Valley Road and corner of the property of parties of the first part and Coffey; thence running Southwardly with property line of Coffey 75 feet to an iron pin;

5

thence running with the property line of parties of the first part
Westwardly 150 feet to an iron pin; thence continuing with property line
of parties of the first part Northwardly 75 feet to an iron pin in Poor
Valley Road; thence running with Poor Valley Road Eastwardly 150 feet
to an iron pin, the point of BEGINNING. This description was taken
directly from the prior deed.

Said Excepted Tract BEING the same property conveyed to Bennie Atkins
and wife, Dixie Atkins by Warranty Deed rom Archie Atkins, widower,
dated August 14, 1987, and record at Instrument Book 162, page 163 in
the Register's Office for Grainger County, Tennessee.

Being that property conveyed unto JOHN AYERS, by Warranty Deed of
Wilburn Collins, Jr. and wife, Patricia Collins, dated June 28, 2012, and
recorded in Instrument Book 330, at Page 912, in the Register's Office for
Grainger County, Tennessee.

2.     That the aforementioned forfeited properties are to be held by the United States

Marshals Service or its designated agency in its secure custody and control.

3.     Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, the United States hereby gives notice of its intent to

dispose of the forfeited property in such a manner as the Attorney General may direct. Any

person other than the defendant, having or claiming a legal interest in any of the above-listed

forfeited property must file a petition with the Court within sixty (60) days from the first day of

publication of this Notice on the official United States Government internet website, which is

www.forfeiture.gov.

4.     The notice shall also state that the petition for a hearing to adjudicate the validity

of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty

of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the

property, the time and circumstances of the petitioner's acquisition of the right, title and interest

in the property and any additional facts supporting the petitioner's claim and the relief sought.

6

The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5.     That upon adjudication of all other or third-party interests in the property, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, in which all interests will be addressed.

6.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7.     That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service, and to the United States Attorney's Office.

ENTER:

R. LEON JORDAN
UNITED STATES DISTRICT JUDGE

Presented by:

WILLIAM C. KILLIAN
United States Attorney

By:

CARYN L. HEBETS
Assistant United States Attorney

JOHN A. AYERS
Defendant

PAUL G. WHETSTONE
Attorney for defendant

7