UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-CR-002 |
| | ) | |
| JOHN A. AYERS | ) | |

## **MEMORANDUM AND ORDER**

The defendant pled guilty to conspiring to distribute methamphetamine. He will be sentenced on February 17, 2015. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") to which the defendant has filed two objections. The second of those objections is biographical in nature and has been resolved in the defendant's favor. For the reasons that follow, the defendant's first objection will be overruled.

At paragraph 64 of the PSR, the defendant is assigned three criminal history points for a January 21, 2014 sentence imposed by the Criminal Court of Claiborne County, Tennessee. There, the defendant pled guilty to felony evading arrest.

The defendant argues that he should not receive criminal history points for that conviction. He offers two theories. First, he argues that the conviction occurred one week after the end of the instant federal conspiracy and therefore cannot be considered criminal "history" because it happened after his federal crime.

Paragraph 64 assigns three criminal history points for a "prior sentence of imprisonment." *See* U.S. Sentencing Guidelines Manual § 4A1.1(a) (2014). "The term

'prior sentence' means any sentence previously imposed . . . for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). "'Prior sentence' means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." *Id.* § 4A1.2 cmt. n. 1. The defendant's felony evading arrest sentence was imposed prior to the upcoming February 2015 sentencing in this federal case. As such, it is properly deemed a "prior sentence" and is properly included in the criminal history calculation. Again, "'[p]rior sentence' means a sentence imposed prior to sentencing on the instant offense . . . ." *Id.*; *accord United States v. Tilford*, 85 F. App'x 516, 520 (6th Cir. 2004).

Next, the defendant argues that assignment of three criminal history points for his felony evading arrest conviction violates "the implicit guarantee of equal protection of the law contained in the Fifth Amendment." It is the defendant's position that his Claiborne County sentence would not have been imposed but for the fact that he was being held at that time as a federal pretrial detainee in that same county. The defendant's equal protection argument is undeveloped and is deemed forfeited. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted). In any event, the defendant was already in Claiborne County custody prior to the issuance of the indictment in this case. [Doc. 8].

For the reasons provided herein, the defendant's remaining objection to his PSR is **OVERRULED**. Sentencing remains set for February 17, 2015, at 1:30 p.m. in Knoxville.

2

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge